**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AF HOLDINGS, LLC,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | CIVIL ACTION FILE NO. |
| v.     ) | 1:12-cv-03482-WSD |
|     ) | |
| RIM BOLTONG,     ) | |
|     ) | |
|     ) | |
|     Defendant.     ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

NOW COMES Defendant RIM BOLTONG (hereinafter "Defendant" or "Mr. Boltong") and states his Answer and Counterclaim against Plaintiff AF HOLDINGS, LLC ("AF Holdings" or "Plaintiff") as follows:

### A N S W E R :

Mr. Boltong states his Answer as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of waiver.

FOURTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of assumption of risk.

SIXTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of contributory negligence.

SEVENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred on the grounds of fraud.

EIGHTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred due to its unclean hands.

NINTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred because any purported copyrights are invalid or unenforceable.

TENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred because Defendant has failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks a certificate of authority to conduct business or bring suit in Georgia.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

No activity in Plaintiff's Complaint is the result of Defendant's intentional or negligent conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint essentially constitute a portion of its sham proceedings to extract fraudulent settlements from innocent and unsophisticated individuals.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue the allegations in its Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant denies that a causal connection exists between any alleged action or inaction by Defendants and any damages or injuries allegedly suffered by Plaintiff, the existence of which Defendant denies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred by the doctrine of license, because any purported infringement has been authorized by Plaintiff and/or Plaintiff's agents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a party under Fed. R. Civ. P. 19.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported assignment is invalid.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of copyright misuse.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of barratry, champerty, and maintenance.

Mr. Boltong now responds to the specific allegations as follows:

1.

Denied.

2.

Denied. Mr. Boltong is without knowledge or information sufficient to form a basis for belief as to the truth of the allegation, and therefore such allegation is

denied.

3.

Denied. Mr. Boltong is without knowledge or information sufficient to form a basis for belief as to the truth of the allegation, and therefore such allegation is denied.

4.

Denied.

JURISDICTION AND VENUE

5.

Admitted.

6.

Admitted.

7.

Admitted.

BACKGROUND

8.

Admitted.

9.

Denied.

10.

Denied.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

ALLEGATIONS COMMON TO ALL COUNTS

18.

Denied. Mr. Boltong is without knowledge or information sufficient to form a basis for belief as to the truth of the allegation, and therefore such allegation is denied.

19.

Denied. Mr. Boltong is without knowledge or information sufficient to form a basis for belief as to the truth of the allegation, and therefore such allegation is denied.

20.

Denied.

21.

Denied. Mr. Boltong is without knowledge or information sufficient to form a basis for belief as to the truth of the allegation, and therefore such allegation is denied.

22.

Denied.

23.

Denied.

24.

Denied.

## COUNT I: COPYRIGHT INFRINGEMENT

25.

Such statement does not include an allegation to admit or deny, and therefore such paragraph is DENIED.

26.

Denied. Mr. Boltong is without knowledge or information sufficient to form a basis for belief as to the truth of the allegation, and therefore such allegation is denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

COUNT II: COPYRIGHT INFRINGEMENT

36.

Such statement does not include an allegation to admit or deny, and therefore such paragraph is DENIED.

37.

Denied. Mr. Boltong is without knowledge or information sufficient to form a basis for belief as to the truth of the allegation, and therefore such allegation is denied.

38.

Denied.

39.

Denied.  Mr.  Boltong denies engaging in any reproduction.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

Denied.

COUNT III: CONTRIBUTORY INFRINGEMENT

45.

Such statement does not include an allegation to admit or deny, and therefore

such paragraph is DENIED.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

## COUNT IV: CIVIL CONSPIRACY

53.

Such statement does not include an allegation to admit or deny, and therefore such paragraph is DENIED.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Denied.

## COUNT V: NEGLIGENCE

59.

Such statement does not include an allegation to admit or deny, and therefore

such paragraph is DENIED.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Denied.

69.

Denied.

70.

Denied.

JURY DEMAND

71.

Such statement does not include an allegation to admit or deny, and therefore such paragraph is DENIED.

GENERAL DENIAL

Mr. Boltong denies each and every allegation not specifically admitted herein.

WHEREFORE, Mr. Boltong respectfully requests this Court dismiss, with prejudice, Plaintiff's Complaint against Mr. Boltong, or that judgment be entered in Mr. Boltong's favor and against Plaintiff, with all costs and attorneys' fees assessed against Plaintiff.

JURY DEMAND

Mr. Boltong respectfully requests a **TRIAL BY JURY**.

# C O U N T E R C L A I M :

Now comes Mr. Boltong, and files his Counterclaim against AF Holdings as follows:

## PARTIES, JURISDICTION, AND STATEMENT OF FACTS

### 1.

Plaintiff AF Holdings is subject to the jurisdiction of this Court by virtue of filing this action.

### 2.

The Plaintiff in this lawsuit, along with other plaintiffs in similar "mass-subpoena" or "troll" lawsuits, have instituted a lucrative scam where they initiate sham legal proceedings and implicate the rights of thousands of anonymous individuals, in the hopes of extracting quick and easy payments from individuals.

### 3.

An Internet Protocol ("IP") address is simply a string of numbers that identifies a particular network that is attached to the Internet, and it is usually assigned by an Internet Service Provider ("ISP").  Unlike a telephone number, which is unique, or social security number, which is exclusive, an IP address may change or be "dynamic," and an IP address could represent dozens or hundreds of computers that connect to the internet.  Solely by way of example, the dozens of

people utilizing or connecting to the internet at a public library or a coffee shop would all share the same IP address.

4.

Plaintiff uses the court system, or threats of filing dubious lawsuits, to extort money from individuals who are merely identified by an IP address with no proof whatsoever that the individual has engaged in any wrongdoing. Mr. Boltong is one of the few individuals that Plaintiff has actually moved forward on its threat of a lawsuit.

5.

Plaintiff and its counsel, Prenda Law Inc. ("Prenda"), formerly known as notorious firm Steele Hansmeier, PLLC, are known to employ various schemes and methods, including in state and federal courts nationwide, in order to achieve their primary goal of discovering the contact information of thousands of internet users. Once contact information is obtained, Plaintiff and its counsel use the information to facilitate out of court "settlements", with the underlying threat of the lawsuit and the threat of being associated with the use of pornography and other illegal activity.

6.

Typically, the Plaintiff will file a sham proceeding seeking to identify the name of an account holder associated with an IP address assigned by an ISP.

Thereafter, individuals such as Mr. Boltong are harassed, and given the opportunity to "settle" the matter for anywhere between hundreds of dollars and a few thousand dollars, or face the prospect of an uncertain legal battle where the cost of defending the lawsuit will greatly overshadow any offer to make the Plaintiff go away.

7.

The source and veracity of the IP addresses that Plaintiff targets are quite dubious.  Countless individuals that have been targeted by the Plaintiff-- ranging from 80 year old individuals that do not know how to turn on a computer, to individuals who have been outside of the country for months-- have repeatedly proclaimed their innocence and questioned Plaintiff's method of collecting IP addresses.

8.

Moreover, absent additional information about the subscriber, there exists a fundamental problem with making threats and initiating lawsuits against the subscriber associated with an IP address.  Simply being the subscriber associated with an IP address, does not mean that the subscriber did anything wrong. In substantially similar litigation, Plaintiff's counsel has made repeated representations that it lacks a good faith basis to sue the subscriber associated with an IP address.

9.

Despite Plaintiff and its counsel's representation and knowledge, Plaintiff continues to harass and threaten innocent subscribers, and has moved forward with its claim against Mr. Boltong (who under a best case scenario for Plaintiff, is nothing more than a subscriber) in the instant action.

10.

Plaintiff has adopted a reckless and malicious scheme of blindly demanding money from thousands and thousands of individuals, knowing that these individuals are innocent and have done nothing wrong.

11.

The Plaintiff and its agents will typically prey on unsophisticated or unknowledgeable individuals, making outlandish claims such as the fact that said individual could go to jail, in order to coerce and scare the individuals into paying or "settling" with the Plaintiffs.   The Plaintiff and its agents typically make such claims through the mail, internet, and telephone systems.

12.

From a cost-benefit perspective, it makes sense for the average person, such as Mr. Boltong, to yield to the Plaintiff's unscrupulous extortion methods even if the person engaged in no wrongdoing.

13.

By extorting settlements of thousands of dollars from thousands of individuals, Plaintiff can unlawfully gain more money through litigation and "settling" than it can by selling their pornographic videos.

14.

In a substantively identical civil actions, courts throughout the country have dismissed the similar efforts and chastised the plaintiffs and their counsel, sometimes sanctioning them for  tens of thousands of dollars. At least one judge has characterized the underlying conduct as being "an extortion scheme."

15.

As the direct, proximate, and foreseeable result of Plaintiff's actions, Mr. Boltong has been damaged. Likewise, all conditions precedent to Mr. Boltong's entitlement to recover the sums sought herein have occurred or otherwise have been performed, waived, satisfied or excused by Plaintiff's conduct.

<u>COUNT I – GEORGIA RICO</u>

16.

Mr. Boltong re-alleges and incorporates by reference all preceding Paragraphs, facts, and allegations set forth herein.

17.

This claim for relief arises under O.C.G.A. § 16-14-6 of the Georgia RICO Act, and seeks relief from Plaintiff's activities described herein for violations of O.C.G.A. § 16-14-4 (a) & (b). Mr. Boltong further seeks relief from Plaintiff for conspiring to violate O.C.G.A. § 16-14-4 (a) & (b), which constitutes a violation of O.C.G.A. § 16-14-4 (c).

18.

Plaintiff and its controlling officers and agents constitute "persons" within the meaning of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act, O.C.G.A. § 16-14-1 et seq.   Plaintiff constitutes an "enterprise" pursuant to O.C.G.A. § 16-14-3(6).   Moreover, the enterprise is an ongoing organization, which engages in, and whose activities affect interstate and foreign commerce, and which engages in said activity within the State of Georgia.

19.

All of the conduct herein alleged was committed by Plaintiff, its controlling officers, and agents, and its co-conspirators, willfully, knowingly and maliciously, and with reckless disregard of the rights of Mr. Boltong and persons similarly situated to Mr. Boltong.

20.

At all relevant times herein, and in furtherance of and for the purpose of executing the scheme described herein, Plaintiff and its co-conspirators, on numerous occasions willfully and knowingly used and caused to be used, mail depositories of the United States Postal Service by both placing and causing to be placed mailable matter in said depositories and by removing and causing to be removed mailable matter from said depositories, each such use of the mails in connection with the scheme and artifice to defraud and obtain money by means of false pretenses constituting the offense of mail fraud as proscribed and prohibited by O.C.G.A. § 16-14-3 (9)(A)(xxix).  Each such mailing constitutes a separate act of racketeering.

21.

Similarly, at all relevant times herein, and in furtherance of and for the purpose of executing the scheme described herein, Plaintiff and its co-conspirators, on numerous occasions willfully and knowingly used and caused to be used wire communications in interstate and foreign commerce by both making and causing to be made telephone calls, wire transfers of funds and other wire communications, as proscribed and prohibited by O.C.G.A. § 16-14-3 (9)(A)(ix) & (xxix). Each such transaction constituted a separate act of racketeering.

22.

AF Holdings, and its co-conspirators, officers, and agents, operate an enterprise within the meaning of O.C.G.A. § 16-14-3, which affects interstate and foreign commerce, and affects business in the State of Georgia, and said persons, directly or indirectly, and through the acts of their and their co-conspirator's agents, employees and servants, participated in and controlled the conduct and affairs of the enterprise through a pattern of racketeering activity in violation of O.C.G.A. § 16-14-4 (a) & (b).

23.

AF Holdings, and its co-conspirators, officers, and agents, conspired and conspire to undertake the foregoing, in violation of O.C.G.A. § 16-14-4 (c).

24.

Pursuant to O.C.G.A. § 16-14-3(8)(A), AF Holdings, and its co-conspirators, officers, and agents, have engaged in a pattern of racketeering activity by engaging in conduct as described herein, and by engaging in two or more acts of racketeering activity, as such term is defined in O.C.G.A. § 16-14-3, such acts all having occurred within the last four (4) years and the latest of which having occurred within the last year. To wit:

(a)     One or more acts of mail fraud as a predicate act for the

purposes of O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(xxix).

(b)      One or more acts of wire fraud as a predicate act for the purposes of O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(xxix).

(c)      One or more acts of racketeering as a predicate act for the purposes of  O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(xiii).

(d)      One or more acts of theft by extortion as a predicate act for the purposes of  O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(ix) & (xxix).

(e)      Moreover, said persons conspired to perpetrate the foregoing, in violation of O.C.G.A. § 16-14-4 (c).

(f)      Additionally, such other violations of law constituting predicate acts hereunder as may come to light during the performance of discovery.

25.

AF Holdings, and its co-conspirators, officers, and agents, engaged in the above-described offenses in an organized and systematic fashion and willfully conspired or endeavored to violate O.C.G.A. § 16-14-4(a) & (b), in direct

contravention of O.C.G.A. § 16-14-4 (c).

26.

AF Holdings, and its co-conspirators, officers, and agents' pattern of illegal racketeering acts include, *inter alia*, misrepresenting the status of their claims, misrepresenting the law, threatening and harassing individuals, accusing individuals of serious unsubstantiated offenses, extorting payment by intimidation, coercion, and fraud, and otherwise engaging in illicit conduct to further the pecuniary interests of Plaintiff by preying on innocent individuals like Mr. Boltong and persons similarly situated to Mr. Boltong.

27.

As a direct and proximate result of the conduct complained of herein, Mr. Boltong and persons situated similar to him have been injured.

28.

Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Mr. Boltong and persons similarly situated to Mr. Boltong.    Moreover, the multiple acts of racketeering activity committed and conspired to or aided were related to each other and amount to and pose a threat of continued racketeering activity, and therefore constitute a

"pattern of racketeering activity," as defined in O.C.G.A. § 16-14-3 (8)(A).

29.

In accordance with O.C.G.A. § 16-14-6, Mr. Boltong is entitled to recover three times the actual damages sustained, plus punitive damages from defendant as well as attorneys' fees in the trial and appellate courts and costs and expenses of investigation and litigation reasonably incurred.

COUNT II: VIOLATION OF THE FAIR BUSINESS PRACTICES ACT

30.

Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

31.

By engaging in the action described herein, Plaintiff's actions constitute an unfair or deceptive act pursuant the Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 et seq.

32.

Additionally, Plaintiff has engaged in activity involving or using a computer or computer network that constitutes an act, practice, or course of business that operates or would operate as a fraud or deceit upon Mr. Boltong and those individuals situated in a similar position to him.   Said activities constitute

additional unfair and deceptive acts or practices that are prohibited.

33.

Accordingly, due to Defendants' intentional violation of the Fair Business Practices Act of 1975, Mr. Boltong is entitled to three times the actual damages sustained and demands said amount.

<u>COUNT III- VIOLATION OF THE</u>
<u>TELEPHONE CONSUMER PROTECTION ACT</u>

34.

Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

35.

Plaintiff, by and through its agents, would frequently call and harass Mr. Boltong.

36.

Said telephone calls would frequently be made using "robo calls," or an artificial or prerecorded voice, and directed to Mr. Boltong's cellular telephone service.  Plaintiff would also initiate telephone calls to Mr. Boltong's residential telephone line using an artificial or prerecorded voice to urge him to settle and harass him.  Plaintiff would transmit misleading caller identification information when making the calls.

37.

Despite repeated requests to cease such calls, Plaintiff persisted in making them.

38.

Said conduct constitutes a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

39.

Pursuant to the Telephone Consumer Protection Act, Mr. Boltong seeks to enjoin such calls and hereby demands damages for each violation.

<u>COUNT IV– PUNITIVE DAMAGES</u>

40.

Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

41.

AF Holdings' actions constitute willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences of such actions, and which demonstrate a specific intent to harm Mr. Boltong. Mr. Boltong therefore prays for exemplary and punitive damages in an amount to be determined at the trial of this

matter, to deter AF Holdings from such wrongful and fraudulent conduct in the future.

COUNT V - CLAIM FOR EXPENSES OF LITIGATION<br>AND ATTORNEYS' FEES

42.

Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

43.

AF Holdings has acted in bad faith and has been and continues to be stubbornly litigious, knowingly forcing Mr. Boltong to incur expenses, including attorneys' fees, associated with this lawsuit.

44.

AF Holdings has been stubbornly litigious and has acted in bad faith so as to entitle Mr. Boltong to further recover from AF Holdings all of Mr. Boltong's reasonable attorneys' fees and costs incurred in this action pursuant to O.C.G.A. § 13-6-11.

45.

For this reason, Mr. Boltong is entitled to payment from AF Holdings of all expenses incurred in this litigation, including attorneys' fees, in an amount which will be proven at the trial of this matter.

WHEREFORE,  Mr. Boltong prays that this Court grant him the following relief:

(1)     That the Court provide Mr. Boltong a TRIAL BY JURY;

(2)     That the Court grant judgment for Mr. Boltong and against AF Holdings in an amount to be determined at trial;

(3)     That the Court enter judgment against AF Holdings for punitive damages pursuant to O.C.G.A. § 51-12-5.1;

(4)     That the Court award Mr. Boltong judgment against AF Holdings for Mr. Boltong's attorneys' fees and expenses incurred in the action; and

(5)     That the Court provide for any other relief that is just and proper.

Respectfully submitted this  23rd   day of January, 2013.

                                        /s/ Yasha Heidari                        
                                        Yasha Heidari
                                        Georgia Bar No. 110325
                                        Attorney for Defendant

HEIDARI  POWER LAW GROUP LLC
P.O. Box 79217
Atlanta, Georgia 30357
telephone:   404-939-2742
facsimile:   404-601-7852
email:       yasha@hplawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:12-cv-03482-WSD |
| | ) | |
| RIM BOLTONG, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and

point selections approved by the Court in Local Rule 5.1(C), Northern District of

Georgia, specifically Times New Roman 14 point.


This  23rd   day of January, 2013.


/s/ Yasha Heidari                          

HEIDARI  POWER LAW GROUP LLC      Yasha Heidari
P.O. Box 79217                                   Georgia Bar No. 110325
Atlanta, Georgia 30357                       Attorney for Defendant
telephone:   404-939-2742
facsimile:   404-601-7852
email:        yasha@hplawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AF HOLDINGS, LLC,                    )
                                     )
     Plaintiff,                     )
                                     )          CIVIL ACTION FILE NO.
v.                                   )          1:12-cv-03482-WSD
                                     )
RIM BOLTONG,                         )
                                     )
                                     )
     Defendant.                     )

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for all parties in the foregoing matter with a copy of *DEFENDANT'S ANSWER AND COUNTERCLAIM* by filing same with the Clerk of Court using the CM/ECF system, which will automatically send email notification and allow electronic access to the filing to the following counsel of record:

Jacques Nazaire
Of Counsel to Prenda Law Inc.
125 Town Park Drive, Suite 300
Kennesaw, Georgia 30144
e-mail: nazaire.jacques@gmail.com
*Attorney for AF Holdings, LLC*

This _23rd_ day of January, 2013.

/s/ Yasha Heidari
Yasha Heidari
Georgia Bar No. 110325
Attorney for Defendant


HEIDARI  POWER LAW GROUP LLC
P.O. Box 79217
Atlanta, Georgia 30357
telephone:   404-939-2742
facsimile:   404-601-7852
email:        yasha@hplawgroup.com