UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC,                                   Civil Action No. 1:12-CV-03482-MHS

          Plaintiff,

v.

RIM BOLTONG,

          Defendant.
_____/

## ANSWER TO COUNTERCLAIMS

Plaintiff AF Holdings, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files the following answers to Defendant Rim Boltong's ("Defendant") Counterclaims. (ECF No. 5.) Except for those paragraphs specifically admitted to or otherwise dealt with, Plaintiff denies all allegations in Defendant's Counterclaims.

1. Plaintiff AF Holdings is subject to the jurisdiction of this Court by virtue of filing this action.

**ANSWER:** Paragraph 1 contains a legal conclusion which Plaintiff is not required to admit or deny. To the extent that the allegations contained in Paragraph 1 require an admission or denial, Plaintiff denies the same.

2. The Plaintiff in this lawsuit, along with other plaintiffs in similar "mass-subpoena" or "troll" lawsuits, have instituted a lucrative scam where they initiate sham legal proceedings and implicate the rights of thousands of anonymous individuals, in the hopes of extracting quick and easy payments from individuals.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 2 of Defendant's Counterclaims.

3. An Internet Protocol ("IP") address is simply a string of numbers that identifies a particular network that is attached to the Internet, and it is usually assigned by an Internet Service Provider ("ISP"). Unlike a telephone number, which is unique, or social security number, which is exclusive, an IP address may change or be "dynamic," and an IP address could represent dozens or hundreds of computers that connect to the internet. Solely by way of example, the dozens of people utilizing or connecting to the internet at a public library or a coffee shop would all share the same IP address.

**ANSWER:** Plaintiff admits an IP address is a string of numbers usually assigned by an ISP. Plaintiff denies the remaining allegations contained in Paragraph 3 of Defendant's Counterclaims.

4. Plaintiff uses the court system, or threats of filing dubious lawsuits, to extort money from individuals who are merely identified by an IP address with no proof whatsoever that the individual has engaged in any wrongdoing. Mr. Boltong is one of the few individuals that Plaintiff has actually moved forward on its threat of a lawsuit.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 4 of Defendant's Counterclaims.

5. Plaintiff and its counsel, Prenda Law Inc. ("Prenda"), formerly known as notorious firm Steele Hansmeier, PLLC, are known to employ various schemes and methods, including in state and federal courts nationwide, in order to achieve their primary goal of discovering the contact information of thousands of internet users. Once contact information is obtained, Plaintiff and its counsel use the information to facilitate out of court "settlements", with the underlying threat of the lawsuit and the threat of being associated with the use of pornography and other illegal activity.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 5 of Defendant's Counterclaims.

6. Typically, the Plaintiff will file a sham proceeding seeking to identify the name of an account holder associated with an IP address assigned by an ISP. Thereafter, individuals such as Mr. Boltong are harassed, and given the opportunity to "settle" the matter for anywhere between hundreds of dollars and a few thousand dollars, or face the prospect of an uncertain legal battle where the cost of defending the lawsuit will greatly overshadow any offer to make the Plaintiff go away.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 6 of Defendant's Counterclaims.

7. The source and veracity of the IP addresses that Plaintiff targets are quite dubious. Countless individuals that have been targeted by the Plaintiff-- ranging from 80 year old individuals that do not know how to turn on a computer, to individuals who have been outside of the country for months-- have repeatedly proclaimed their innocence and questioned Plaintiff's method of collecting IP addresses.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 7 of Defendant's Counterclaims.

8. Moreover, absent additional information about the subscriber, there exists a fundamental problem with making threats and initiating lawsuits against the subscriber associated with an IP address. Simply being the subscriber associated with an IP address, does not mean that the subscriber did anything wrong. In substantially similar litigation, Plaintiff's counsel has made repeated representations that it lacks a good faith basis to sue the subscriber associated with an IP address.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 8 of Defendant's Counterclaims.

9. Despite Plaintiff and its counsel's representation and knowledge, Plaintiff continues to harass and threaten innocent subscribers, and has moved forward with its claim against Mr. Boltong (who under a best case scenario for Plaintiff, is nothing more than a subscriber) in the instant action.

**ANSWER:** Plaintiff admits it has moved forward with its claim against Defendant in the instant action. Plaintiff denies the remaining allegations contained in Paragraph 9 of Defendant's Counterclaims.

10. Plaintiff has adopted a reckless and malicious scheme of blindly demanding money from thousands and thousands of individuals, knowing that these individuals are innocent and have done nothing wrong.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 10 of Defendant's Counterclaims.

11. The Plaintiff and its agents will typically prey on unsophisticated or unknowledgeable individuals, making outlandish claims such as the fact that said individual could go to jail, in order to coerce and scare the individuals into paying or "settling" with the Plaintiffs. The Plaintiff and its agents typically make such claims through the mail, internet, and telephone systems.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 11 of Defendant's Counterclaims.

12. From a cost-benefit perspective, it makes sense for the average person, such as Mr. Boltong, to yield to the Plaintiff's unscrupulous extortion methods even if the person engaged in no wrongdoing.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 12 of Defendant's Counterclaims.

13. By extorting settlements of thousands of dollars from thousands of individuals, Plaintiff can unlawfully gain more money through litigation and "settling" than it can by selling their pornographic videos.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 13 of Defendant's Counterclaims.

14. In a substantively identical civil actions [sic], courts throughout the country have dismissed the similar efforts and chastised the plaintiffs and their counsel, sometimes sanctioning them for tens of thousands of dollars. At least one judge has characterized the underlying conduct as being "an extortion scheme."

**ANSWER:** Plaintiff lacks information sufficient to admit or deny what "one judge has characterized," and therefore denies the allegations contained in Paragraph 14 of Defendant's Counterclaims.

15. As the direct, proximate, and foreseeable result of Plaintiff's actions, Mr. Boltong has been damaged. Likewise, all conditions precedent to Mr. Boltong's entitlement to recover the sums sought herein have occurred or otherwise have been performed, waived, satisfied or excused by Plaintiff's conduct.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 15 of Defendant's Counterclaims.

COUNT I – GEORGIA RICO

16. Mr. Boltong re-alleges and incorporates by reference all preceding Paragraphs, facts, and allegations set forth herein.

**ANSWER:** Plaintiff denies and admits the allegations incorporated in Paragraph 16 as it denied and admitted in the preceding Paragraphs.

17. This claim for relief arises under O.C.G.A. § 16-14-6 of the Georgia RICO Act, and seeks relief from Plaintiff's activities described herein for violations of O.C.G.A. § 16-14-4 (a) & (b). Mr. Boltong further seeks relief from Plaintiff for conspiring to violate O.C.G.A. § 16-14-4 (a) & (b), which constitutes a violation of O.C.G.A. § 16-14-4 (c).

**ANSWER:** Plaintiff admits Defendant's claim arises from the Georgia RICO Act, but denies any violation of the Georgia RICO Act and denies the remaining allegations in Paragraph 17 of Defendant's Counterclaims.

18. Plaintiff and its controlling officers and agents constitute "persons" within the meaning of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act, O.C.G.A. § 16-14-1 et seq. Plaintiff constitutes an "enterprise" pursuant to O.C.G.A. § 16-14-3(6). Moreover, the enterprise is an ongoing organization, which engages in, and whose activities affect interstate and foreign commerce, and which engages in said activity within the State of Georgia.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 18 of Defendant's Counterclaims.

19. All of the conduct herein alleged was committed by Plaintiff, its controlling officers, and agents, and its co-conspirators, willfully, knowingly and maliciously, and with reckless disregard of the rights of Mr. Boltong and persons similarly situated to Mr. Boltong.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 19 of Defendant's Counterclaims.

20. At all relevant times herein, and in furtherance of and for the purpose of executing the scheme described herein, Plaintiff and its co-conspirators, on numerous occasions willfully and knowingly used and caused to be used, mail depositories of the United States Postal Service by both placing and causing to be placed mailable matter in said depositories and by removing and causing to be removed mailable matter from said depositories, each such use of the mails in connection with the scheme and artifice to defraud and obtain money by means of false pretenses constituting the offense of mail fraud as proscribed and prohibited by O.C.G.A. § 16-14-3 (9)(A)(xxix). Each such mailing constitutes a separate act of racketeering.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 20 of Defendant's Counterclaims.

21. Similarly, at all relevant times herein, and in furtherance of and for the purpose of executing the scheme described herein, Plaintiff and its co-conspirators, on numerous occasions willfully and knowingly used and caused to be used wire communications in interstate and foreign commerce by both making and causing to be made telephone calls, wire transfers of funds and other wire communications, as proscribed and prohibited by O.C.G.A. § 16-14-3 (9)(A)(ix) & (xxix). Each such transaction constituted a separate act of racketeering.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 21 of Defendant's Counterclaims.

22. AF Holdings, and its co-conspirators, officers, and agents, operate an enterprise within the meaning of O.C.G.A. § 16-14-3, which affects interstate and foreign commerce, and affects business in the State of Georgia, and said persons, directly or indirectly, and through the acts of

their and their co-conspirator's agents, employees and servants, participated in and controlled the conduct and affairs of the enterprise through a pattern of racketeering activity in violation of O.C.G.A. § 16-14-4 (a) & (b).

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 22 of Defendant's Counterclaims.

23. AF Holdings, and its co-conspirators, officers, and agents, conspired and conspire to undertake the foregoing, in violation of O.C.G.A. § 16-14-4 (c).

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 23 of Defendant's Counterclaims.

24. Pursuant to O.C.G.A. § 16-14-3(8)(A), AF Holdings, and its co-conspirators, officers, and agents, have engaged in a pattern of racketeering activity by engaging in conduct as described herein, and by engaging in two or more acts of racketeering activity, as such term is defined in O.C.G.A. § 16-14-3, such acts all having occurred within the last four (4) years and the latest of which having occurred within the last year. To wit:

(a) One or more acts of mail fraud as a predicate act for the purposes of O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(xxix).

(b) One or more acts of wire fraud as a predicate act for the purposes of O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(xxix).

(c) One or more acts of racketeering as a predicate act for the purposes of O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(xiii).

(d) One or more acts of theft by extortion as a predicate act for the purposes of O.C.G.A. § 16-14-4 (a) & (b), and O.C.G.A. § 16-14-3 (9)(A)(ix) & (xxix).

(e) Moreover, said persons conspired to perpetrate the foregoing, in violation of O.C.G.A. § 16-14-4 (c).

(f) Additionally, such other violations of law constituting predicate acts hereunder as may come to light during the performance of discovery.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 24 of Defendant's Counterclaims.

25. AF Holdings, and its co-conspirators, officers, and agents, engaged in the above-described offenses in an organized and systematic fashion and willfully conspired or endeavored to violate O.C.G.A. § 16-14-4(a) & (b), in direct contravention of O.C.G.A. § 16-14-4 (c).

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 25 of Defendant's Counterclaims.

26. AF Holdings, and its co-conspirators, officers, and agents' pattern of illegal racketeering acts include, *inter alia*, misrepresenting the status of their claims, misrepresenting the law, threatening and harassing individuals, accusing individuals of serious unsubstantiated offenses, extorting payment by intimidation, coercion, and fraud, and otherwise engaging in illicit conduct to further the pecuniary interests of Plaintiff by preying on innocent individuals like Mr. Boltong and persons similarly situated to Mr. Boltong.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 26 of Defendant's Counterclaims.

27. As a direct and proximate result of the conduct complained of herein, Mr. Boltong and persons situated similar to him have been injured.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 27 of Defendant's Counterclaims.

28. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Mr. Boltong and persons similarly situated to Mr. Boltong. Moreover, the multiple acts of racketeering activity committed and conspired to or aided were related to each other and amount to and pose a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering activity," as defined in O.C.G.A. § 16-14-3 (8)(A).

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 28 of Defendant's Counterclaims.

29. In accordance with O.C.G.A. § 16-14-6, Mr. Boltong is entitled to recover three times the actual damages sustained, plus punitive damages from defendant as well as attorneys' fees in the trial and appellate courts and costs and expenses of investigation and litigation reasonably incurred.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 29 of Defendant's Counterclaims.

### COUNT II: VIOLATION OF THE FAIR BUSINESS PRACTICES ACT

30. Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

**ANSWER:** Plaintiff denies and admits the allegations incorporated in Paragraph 30 as it denied and admitted in the preceding Paragraphs.

31. By engaging in the action described herein, Plaintiff's actions constitute an unfair or deceptive act pursuant the Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 et seq.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 31 of Defendant's Counterclaims.

32. Additionally, Plaintiff has engaged in activity involving or using a computer or computer network that constitutes an act, practice, or course of business that operates or would operate as a fraud or deceit upon Mr. Boltong and those individuals situated in a similar position to him. Said activities constitute additional unfair and deceptive acts or practices that are prohibited.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 32 of Defendant's Counterclaims.

33. Accordingly, due to Defendants' intentional violation of the Fair Business Practices Act of 1975, Mr. Boltong is entitled to three times the actual damages sustained and demands said amount.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 33 of Defendant's Counterclaims.

COUNT III- VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

**ANSWER:** Plaintiff denies and admits the allegations incorporated in Paragraph 34 as it denied and admitted in the preceding Paragraphs.

35. Plaintiff, by and through its agents, would frequently call and harass Mr. Boltong.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 35 of Defendant's Counterclaims.

36. Said telephone calls would frequently be made using "robo calls," or an artificial or prerecorded voice, and directed to Mr. Boltong's cellular telephone service. Plaintiff would also initiate telephone calls to Mr. Boltong's residential telephone line using an artificial or

prerecorded voice to urge him to settle and harass him. Plaintiff would transmit misleading caller identification information when making the calls.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 36 of Defendant's Counterclaims.

37. Despite repeated requests to cease such calls, Plaintiff persisted in making them.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 37 of Defendant's Counterclaims.

38. Said conduct constitutes a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 38 of Defendant's Counterclaims.

39. Pursuant to the Telephone Consumer Protection Act, Mr. Boltong seeks to enjoin such calls and hereby demands damages for each violation.

**ANSWER:** Paragraph 39 contains allegations which Plaintiff is not required to admit or deny. To the extent that the allegations contained in Paragraph 39 require an admission or denial, Plaintiff denies the same

## COUNT IV– PUNITIVE DAMAGES

40. Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

**ANSWER:** Plaintiff denies and admits the allegations incorporated in Paragraph 40 as it denied and admitted in the preceding Paragraphs.

41. AF Holdings' actions constitute willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious

indifference to consequences of such actions, and which demonstrate a specific intent to harm Mr. Boltong. Mr. Boltong therefore prays for exemplary and punitive damages in an amount to be determined at the trial of this matter, to deter AF Holdings from such wrongful and fraudulent conduct in the future.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 41 of Defendant's Counterclaims.

COUNT V - CLAIM FOR EXPENSES OF LITIGATION AND ATTORNEYS' FEES

42. Mr. Boltong incorporates herein by reference all Paragraphs referenced above as if fully set forth herein.

**ANSWER:** Plaintiff denies and admits the allegations incorporated in Paragraph 42 as it denied and admitted in the preceding Paragraphs.

43. AF Holdings has acted in bad faith and has been and continues to be stubbornly litigious, knowingly forcing Mr. Boltong to incur expenses, including attorneys' fees, associated with this lawsuit.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 43 of Defendant's Counterclaims.

44. AF Holdings has been stubbornly litigious and has acted in bad faith so as to entitle Mr. Boltong to further recover from AF Holdings all of Mr. Boltong's reasonable attorneys' fees and costs incurred in this action pursuant to O.C.G.A. § 13-6-11.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 44 of Defendant's Counterclaims.

45. For this reason, Mr. Boltong is entitled to payment from AF Holdings of all expenses incurred in this litigation, including attorneys' fees, in an amount which will be proven at the trial of this matter.

**ANSWER:** Plaintiff denies the allegations contained in Paragraph 45 of Defendant's Counterclaims.

WHEREFORE, having answered Defendant's Counterclaim, Plaintiff herein prays for relief as follows:

A. That the Court enter judgment in Plaintiff's favor, with prejudice and on the merits;

B. That Defendant take nothing by his claims;

C. That Plaintiff be awarded its costs and attorneys' fees incurred in responding to the Defendant's Counterclaims; and

D. That the Court grant Plaintiff such other and further relief as is deemed just and proper.

Respectfully Submitted,

AF Holdings LLC,

DATED: January 21, 2013

By: _____/s/ Jacques Nazaire_____
Jacques Nazaire (Bar No. 142388)
125 Town Park Drive, Suite 300
Kennesaw, Georgia 30144
Telephone: (415) 325-5900
Email: blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 12, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


**DATE: February 12, 2013**　　　　　　　　　By:　　/s/ Jacques Nazaire
　　　　　　　　　　　　　　　　　　　　　　　　　　　Jacques Nazaire